UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXEL NALLS JR., | |
| Petitioner, | CIVIL ACTION NO. 1:16-cv-00098 |
| v. | (KANE, J.) (SAPORITO, M.J.) |
| SUPERINTENDENT SCI-DALLAS, et al., | |
| Respondents. | |

## REPORT AND RECOMMENDATION

This proceeding was initiated by a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254, signed and dated by the petitioner, Exel Nalls Jr., on December 17, 2015. (Doc. 1). At the time of filing, Nalls was incarcerated at SCI Dallas, which is located in Luzerne County, Pennsylvania.

I. STATEMENT OF THE CASE

A. Procedural History

On July 9, 2012, following a guilty plea, Nalls was convicted of aggravated assault, and sentenced to serve a term of 30 to 60 months in prison. *Commonwealth v. Nalls*, Docket No. CP-40-CR-0003613-2011

(Luzerne County C.C.P.).[1] (*See also* Doc. 11 ¶ 1). Nalls did not appeal his conviction or sentence.

Nalls first became eligible for parole on March 23, 2014, when he had served his minimum sentence, and his maximum sentence expires on November 23, 2016. (Doc. 11 ¶ 4). He has been interviewed by the parole board and denied release on parole four times. (*Id.* ¶ 5).

The parole board first interviewed Nalls and denied him parole on January 28, 2014, citing the following reasons for its decision: (a) his institutional behavior, including reported misconducts; (b) his failure to demonstrate motivation for success; and (c) his lack of remorse for the offense committed. (*Id.* ¶ 6; Doc. 11-1, at 10). The board decided Nalls would be reviewed again in or after July 2014. (Doc. 11-1, at 10). The board advised Nalls that it would consider the following factors at the next review: (a) whether he had maintained a favorable recommendation for

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available docket of criminal proceedings against the petitioner in the Court of Common Pleas of Luzerne County, available online at https://ujsportal.pacourts.us/DocketSheets.aspx.

parole from the Department of Corrections; and (b) whether he had maintained a clear conduct record. (*Id.*). The board also encouraged Nalls to attend and participate in Alcoholics Anonymous. (*Id.*).

The parole board next interviewed Nalls and denied him parole on August 25, 2014, citing the following reasons for its decision: (a) a negative recommendation by the Department of Corrections; (b) his minimization or denial of the nature and circumstances of the offense committed; and (c) his lack of remorse for the offense committed. (Doc. 11 ¶ 7; Doc. 11-1, at 13). The board decided Nalls would be reviewed again in or after January 2015. (Doc. 11-1, at 13). The board advised Nalls that it would consider the following factors at the next review: (a) whether he had received a favorable recommendation for parole from the Department of Corrections; (b) whether he had received a clear conduct record; and (c) a written explanation of why he chose to stab his girlfriend, the victim of his offense of conviction. (*Id.*).

The parole board interviewed Nalls and denied him parole for a third time on February 18, 2015, citing the following reasons for its decision: (a) reports, evaluations, and assessments of his level of risk indicating that he remained a risk to the community; (b) his minimization or denial of the

nature and circumstances of the offense committed; (c) his refusal to accept responsibility for the offense committed; (d) his lack of remorse for the offense committed; and (e) his failure to develop a parole release plan. (Doc. 11 ¶ 8; Doc. 11-1, at 16). The board decided Nalls would be reviewed again in or after January 2016. (*Id.*). The board advised Nalls that it would consider the following factors at the next review: (a) whether he had maintained a favorable recommendation for parole from the Department of Corrections; and (b) whether he had maintained a clear conduct record. (*Id.*).

The parole board interviewed Nalls and denied him parole for a fourth time on February 24, 2016, citing the following reasons for its decision: (a) his institutional behavior, including reported misconducts; (b) a negative recommendation by the Department of Corrections; and (c) reports, evaluations, and assessments of his level of risk indicating that he remained a risk to the community. (Doc. 11 ¶ 9; Doc. 11-1, at 19). The board decided Nalls would not be reviewed again, but would instead serve the balance of his unexpired maximum sentence, scheduled to end on November 23, 2016. (Doc. 11-1, at 19).

Nalls filed the instant *pro se* federal habeas petition on December 17,

2015.[2] (Doc. 1). The respondents filed their answer to the petition on March 23, 2016. (Doc. 11). Nalls has not filed a reply. The petition is ripe for disposition.

### B. Habeas Claims Presented

Liberally construed, the *pro se* petition asserted that Nalls is entitled to relief under 28 U.S.C. § 2254 because he was denied his Fourteenth Amendment due process rights by the arbitrary denial of parole on four occasions.

## II. DISCUSSION

### A. The Habeas Petition

In his petition, Nalls contends that his continued detention is unlawful because the parole board's January 2014, August 2014, February 2015, and February 2016 decisions are "arbitrary, conscience-shocking[,] and unconstitutional." (Doc. 1, at 2).

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. As a threshold matter, "[i]t is axiomatic that a

---

[2] The petition was received and docketed by the Court on January 19, 2016, but it appears to have been deposited in the prison mail system on December 17, 2015, and thus effectively filed that day. *See* Rule 3(d), 28 U.S.C. foll. § 2254.

cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie." *Mudric v. Att'y Gen. of U.S.*, 469 F.3d 94, 98 (3d Cir. 2006) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569 (1972)); *see also Wolfe v. Pa. Dep't of Corr.*, 334 F. Supp. 2d 762, 773 (E.D. Pa. 2004). In this case, Nalls claims that, based on his parsing of Pennsylvania statutory language, he has a liberty interest in parole that vested when he satisfied the statutory conditions for parole eligibility upon completion of his minimum sentence in March 2014.

It is well settled that neither the United States Constitution nor Pennsylvania state law create a protected liberty interest in a pre-release expectation of parole. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 10–11 (1979); *Jago v. Van Curen*, 454 U.S. 14, 21 (1981); *Stephens v. Chairman of the Pa. Bd. of Prob. & Parole*, 173 Fed. App'x 963, 965–66 (3d Cir. 2006) (per curiam); *Folk v. Att'y Gen. of Pa.*, 425 F. Supp. 2d 663, 670–71 (W.D. Pa. 2006); *McFadden v. Lehman*, 968 F. Supp. 1001, 1004 (M.D. Pa. 1997); *McCrery v. Mark*, 823 F. Supp. 288, 294 (E.D. Pa. 1993). Absent a protected liberty interest, the petition fails to state a cognizable procedural due process claim. *See Mudric*, 469 F.3d at 98; *Wolfe*, 334 F. Supp. 2d at 773.

Even in the absence of a protected liberty interest, substantive due process forbids "totally arbitrary parole decisions founded on impermissible criteria," such as race or in retaliation for exercising constitutional rights. *Burkett v. Love*, 89 F.3d 135, 139–40 (3d Cir. 1996) (quoting *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980)); *see also Perry v. Sindermann*, 408 U.S. 593, 597 (1972) ("[E]ven though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely."). Nalls has not alleged reliance by the parole board upon impermissible criteria such as race or retaliation for the exercise of constitutional rights, but only that the parole board's decisions denying parole were arbitrary insofar as they deprived him of a purported right to be released on parole after serving his minimum sentence, rather than upon completion of the maximum sentence imposed. "The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather, something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Hunterson v. DiSabato*, 308 F.3d 236, 246–47 (3d Cir. 2002). "[I]t is a

habeas petitioner's burden to establish that the challenged action shocks the conscience[]." *Ralston v. Dep't of Parole & Prob.*, Civil Action No. 12-1844, 2015 WL 1542480, at *4 (W.D. Pa. Apr. 7,2015); *see also Goodman v. McVey*, 428 Fed. App'x 125, 127 (3d Cir. 2011) (per curiam).

In this case, the parole board most recently found Nalls to be unsuitable for parole due to his institutional behavior, the negative recommendation of the Department of Corrections, and the risk to the community that would be posed by his release. Although Nalls disputes this factual determination, "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001); *see also Mowatt v. Ebbert*, Civil No. 4:09-CV-2307, 2011 WL 1877639, at *10 (M.D. Pa. Mar. 15, 2011) ("[T]he court will not disturb a parole finding that is supported by a rational basis in the record.") (citing other sources). Here, the parole board's written decisions state the parole board's findings that Nalls poses a risk to the community based on his prison misconduct history, unspecified reports, evaluations and assessments of his level of risk, and his minimization of the nature and circumstances of the offense

committed, his lack of remorse for the offense committed, and his refusal to accept responsibility for the offense committed. Although Nalls quibbles with these findings, he has failed to satisfy his burden of establishing that the parole board's decisions denying him release on parole were arbitrary, conscience shocking, or deliberately indifferent.

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that:

1. The petition (Doc. 1) be **DENIED** and **DISMISSED**; and

2. The Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: October 25, 2016                *s/ Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EXEL NALLS JR., | |
| Petitioner, | CIVIL ACTION NO. 1:16-cv-00098 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| SUPERINTENDENT SCI-DALLAS, et al., | |
| Respondents. | |

## **NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 25, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 25, 2016                     ***s/ Joseph F. Saporito, Jr.***
                                            JOSEPH F. SAPORITO, JR.
                                            United States Magistrate Judge